CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-Mail: honolululaw808@gmail.com

MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
Email: honolululawyer@outlook.com

Attorneys for Plaintiff
Denise Eiland

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENISE EILAND, | CIVIL NO. _____ |
| Plaintiff, | COMPLAINT; JURY DEMAND; SUMMONS |
| vs. | |
| ISLAND PARADISE INVESTMENTS LIMITED PARTNERSHIP, | |
| Defendant. | |

## COMPLAINT

COMES NOW, Plaintiff Denise Eiland, by and through her attorneys Charles H. Brower and Michael P. Healy, and for cause of action against Defendant, alleges and avers as follows:

## NATURE OF CASE

1. Plaintiff DENISE EILAND (hereinafter "EILAND"), is and was at all times mentioned herein a resident of Honolulu, Hawaii, and citizen of the State of Hawaii.

2. Defendant ISLAND PARADISE INVESTMENTS LIMITED PARTNERSHIP (hereinafter "ISLAND PARADISE") is and was at all times mentioned herein a domestic limited partnership organized under the laws of the State of Hawaii, and doing business in the State of Hawaii.

3. Defendant ISLAND PARADISE does business as Kalakaua Gardens, a senior living facility in Waikiki.

4. Plaintiff EILAND was discriminated against by Defendant ISLAND PARADISE in February 2023, when she was not hired for a position as Defendant's Director of Finance and Accounting because she is African-American.

5. Plaintiff EILAND was fully qualified for the Director of Finance and Accounting position.

## JURISDICTION

6. The jurisdiction of this Court is pursuant to Title VII of the Civil Rights Act of 1964, as amended.

7. The administrative prerequisites for filing this cause of action have been fulfilled. A Dismissal and Notice of Rights was issued by the Equal Employment Opportunity Commission ("EEOC") on August 23, 2023.

## STATEMENT OF FACTS

8. Plaintiff EILAND applied for the position of Defendant's Director of Finance and Accounting in December 2022.

9. Plaintiff is African-American.

10. In December 2022 and January 2023, Plaintiff interviewed for the Director of Finance position with Defendant's Director of Human Resources and Executive Director.

11. The Human Resources Director felt that Plaintiff was the most qualified candidate for the position.

12. The Executive Director told the Human Resources Director that he did not want to hire Plaintiff because she was African-American, and he wanted a "local person" to be hired. This was despite the fact that Plaintiff was fully qualified for the position.

13. Plaintiff therefore was not hired for the Director's position due to her race.

## STATEMENT OF CLAIMS

### COUNT I - RACE

14. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

3

15. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination due to race.

16. The aforesaid acts and/or conduct of Defendant constitutes discrimination as they were acts and/or failure to act by Defendant and its employees in direct violation of Title of the Civil Rights Act of 1964, as amended.

17. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

18. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

19. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

20. The actions of Defendant and its employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff EILAND prays that judgment be entered on all Counts:

A. For employment with Defendant ISLAND PARADISE with full benefits; and

B. For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and

D. For punitive damages; and

E. For attorney's fees, costs, and interest, including prejudgment interest; and

F. For such other and further relief as is appropriate.

DATED: Honolulu, Hawaii, November 21, 2023.

/s/ Charles H. Brower
CHARLES H. BROWER
MICHAEL P. HEALY
Attorneys for Plaintiff
Denise Eiland